UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Teresa Lorenz,

          Plaintiff,

    v.                                 **MEMORANDUM OPINION
                                       AND ORDER**
                                       Civil No. 15-3042 ADM/TNL

The Bank of New York Mellon, Southstar
Funding LLC, and EMC Mortgage
Corporation,

          Defendants.

_____

Teresa Lorenz, pro se.

Jared M. Goerlitz, Esq., Peterson, Fram & Bergman, PA, St. Paul, MN, on behalf of Defendant The Bank of New York Mellon; and Jared D. Kemper, Esq., Dykema Gossett, PLLC, Minneapolis, MN, on behalf of Defendant EMC Mortgage Corporation.

_____

# I.  INTRODUCTION

On July 12, 2016, the undersigned United States District Judge heard oral argument on Plaintiff Teresa Lorenz's Motion for Temporary Restraining Order [Docket No. 30], Motion for Temporary Restraining Order [Docket No. 40], and Amended Emergency Motion for Temporary Restraining Order and Application for Temporary Injunction [Docket No. 51].  Also heard on July 12, 2016 were Defendants The Bank of New York Mellon's ("BNYM") Motion for Summary Judgment [Docket No. 65], and EMC Mortgage Corporation's ("EMC") Motion to Dismiss [Docket No. 72].  For the reasons set forth below, Lorenz's motions are denied, BNYM's motion is granted, and EMC's motion is granted.

# II.  BACKGROUND

This mortgage foreclosure case concerns Plaintiff Teresa Lorenz's mortgage from

Defendant Southstar Funding LLC ("Southstar") for the purchase of real property located in Forest Lake, Minnesota. Compl. [Docket No. 1-1] ¶¶ 7, 8, Ex. C. Shortly after the mortgage was signed on October 28, 2005, Southstar sold its interest in the mortgage and promissory note to Structures Asset Mortgage Investments II Trust 2006 AR1. Id. ¶ 10. On August 12, 2010, an Assignment of Mortgage noticed the transfer of interest in the mortgage to BNYM.[1]

Lorenz's original Complaint asserts three claims against BNYM and Southstar, all of which are based on alleged violations of Covenant 23 of the mortgage. Covenant 23 reads:

> Release. Upon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

Id. Ex. C. The original Complaint alleges that the release clause in Covenant 23 was triggered when the lender, Southstar, assigned its interest in the mortgage to a third party. Lorenz alleges that when this assignment occurred, the Security Instrument (the mortgage) should have been discharged. Id. ¶ 10. It was not; the mortgage is currently held by BNYM. Id. ¶ 10.

On October 22, 2015, Lorenz filed an Amended Complaint [Docket No. 27]. This pleading added additional claims for wrongful foreclosure, fraud in concealment, unconscionable contracts, breach of fiduciary duty, and intentional infliction of emotional distress. Lorenz also sought to add EMC as a defendant.

On November 19, 2015, Lorenz moved for a Temporary Restraining Order and for a

---

[1] The full name of the mortgage holder is: The Bank of New York Mellon formerly known as The Bank of New York as successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Certificateholders of Structures Asset Mortgage Investments II Trust, Mortgage Pass-Through Certificates, Series 2006 AR1. Compl. ¶ 11. For simplicity, this entity will be referred to as "BNYM."

Temporary Injunction. Lorenz argued that BNYM was attempting to foreclose and sell the real property secured by the mortgage without proper authority. Lorenz requested an injunction to enjoin BNYM or its agents from selling the real property through foreclosure proceedings. On December 22, 2015, Lorenz again moved for a Temporary Restraining Order and an Injunction. The arguments presented in that motion substantially overlap those made in the November 19, 2015 motion.

Retreating back to November 30, 2015, Lorenz moved for leave to file a Second Amended Complaint [Docket No. 34]. The additions to her Complaint sought in this motion are substantively identical to those that were alleged in the October 22, 2015, Amended Complaint. On January 6, 2016, Magistrate Judge Tony N. Leung held a hearing on whether the Second Amended Complaint should become the operative complaint. Shortly thereafter, Lorenz filed the last in her trio of motions for a Temporary Restraining Order and for a Temporary Injunction. As before, the arguments Lorenz presented to support her motion were largely unchanged from those made in her two prior motions.

In a March 15, 2016 Order [Docket No. 58] ("Amended Complaint Order"), Judge Leung denied Lorenz's motion for Leave to File a Second Amended Complaint to add claims for wrongful foreclosure, fraud in concealment, unconscionable contracts, breach of fiduciary duty, and intentional infliction of emotional distress.[2] Judge Leung reasoned that each claim Lorenz sought to add lacked the requisite factual and legal support to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Judge Leung concluded that Lorenz's proposed

---

[2] At the hearing, the parties informed Judge Leung that Lorenz's motion sought to amend the original Complaint, not the October 22, 2015 Amended Complaint. Am. Compl. Order at 3. Accordingly, the October 22, 2015 Amended Complaint was stricken from the docket. Id.

3

amendments were futile and were therefore excluded from the case. Am. Compl. Order at 5 16.

Judge Leung did, however, grant Lorenz's motion to include EMC as a defendant in this action. EMC is the servicer of Lorenz's loan for BNYM, and Lorenz has entered into a forbearance agreement as well as modification agreements with EMC regarding repayment of her loan. Id. at 17; see Docket No. 34, Ex. 1 at Exs. G, H. Because EMC is arguably connected to the transactions and occurrences that form the basis of Lorenz's claims, Judge Leung found judicial economy is served by adding EMC as a defendant and addressing all of Lorenz's claims in one suit. Am. Compl. Order at 17.

Therefore, after the Amended Complaint Order, the operative pleading in this action is the original Complaint. The claims asserted are for breach of contract, slander of title, and declaratory judgment; the defendants are Southstar, BNYM, and EMC.[3]

On May 31, 2016, BNYM moved for summary judgment. The following day, EMC moved to dismiss. BNYM and EMC (collectively, "Defendants") argue that the claims presented in the Complaint all flow from an alleged violation of Covenant 23. Defendants argue that contrary to the averments in the Complaint, Covenant 23 was not violated by Southstar's initial assignment of mortgage, nor was it violated by the transaction that resulted in BNYM gaining an ownership interest in the mortgage.

---

[3] The parties agree that Southstar is a nominal party that is defunct and has no real interest in the outcome of this action. Rule 26(f) Report [Docket Nos. 12, 13] ¶ 2(b). Therefore, disposition of this case is not impacted by Southstar's failure to participate in dispositive motion practice.

## III. DISCUSSION

### A. Legal Standard

Defendants argue they are entitled to judgment under two different rules of civil procedure: EMC's motion applies Rule 12(b)(6) and BNYM utilizes Rule 56(a). To survive a Rule 12(b)(6) motion to dismiss, pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). A pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. On a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). However, the nonmoving party may not "rest on mere allegations or denials but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. Cty. of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995) (quotation marks

omitted).

**B. Breach of Contract**

Lorenz claims that the assignments of her mortgage triggered Covenant 23's release clause and, therefore, the mortgage lien on the real property must be discharged. Defendants argue that the release clause in Covenant 23 is not triggered by the transfer or assignment of the mortgage. Rather, the release clause is invoked only after Lorenz (or a similarly situated party) has satisfied the payment obligations in full.

A breach of contract claim requires three components: "(1) formation of a contract, (2) performance by plaintiff of any conditions precedent to [her] right to demand performance by the defendant, and (3) breach of the contract by defendant." Park Nicollet Clinic v. Hamann, 808 N.W.2d 828, 833 (Minn. 2011). Lorenz's breach of contract claim fails because elements two and three have not been met.

The release clause in Covenant 23 states that "[u]pon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument." Compl. Ex. C. Contrary to Lorenz's argument, the assignments that occurred here do not trigger the release clause discharging Lorenz from her payment obligations. Rather, as noted by Judge Leung in the Amended Complaint Order, the assignments merely conveyed the right to collect payments under the terms of the mortgage contract by substituting the entity that is the "Lender." Under the terms of Covenant 23, release is triggered when the balance of the mortgage has been satisfied. This has not happened; there is no doubt that mortgage payments remain outstanding. As such, the release clause of Covenant 23 has not been triggered and the Defendants are under no obligation to discharge the security instrument. Therefore, Lorenz's breach of contract claim is

dismissed.

## C. Slander of Title

Lorenz's slander of title claim posits that "[h]ad Southstar released the Property and surrendered the Security Instrument to the person or persons legally entitled to it upon the payment of all sums by Southstar, rather than breach the contract, Plaintiff would have a clear and marketable title." Compl. ¶ 13. Lorenz also argues the assignment of mortgage that took place over four years after the closing date of the trust related to the mortgage also supports her slander of title claim.

A successful slander of title claim has four elements: (1) a false statement concerning the real property at issue; (2) publication of that false statement; (3) the false statement was published maliciously; and (4) the publication caused the plaintiff to suffer a pecuniary loss in the form of special damages. Paidar v. Hughes, 615 N.W.2d 276, 279 80 (Minn. 2000). Lorenz's slander of title claim fails for multiple reasons.

First, Lorenz cannot satisfy the false statement requirement. Even when the allegations in the Complaint are construed in the light most favorable to Lorenz, the only possible false statement is derived from Defendants' failure to release the mortgage pursuant to Covenant 23, and that failure created a false mortgage on the real property at issue. See Kelly v. First State Bank of Rothsay, 177 N.W. 347, 347 (Minn. 1920) (noting that filing a document known to be inoperable constitutes a false statement). However, because the release clause was not triggered, the lien that remained on the real property was valid.

Second, Lorenz has failed to plausibly plead the malice requirement. Satisfaction of the malice element requires a "[r]eckless disregard concerning the truth or falsity of a matter . . .

despite a high degree of awareness of probable falsity or entertaining doubts as to its truth." Brickner v. One Land Dev. Co., 742 N.W.2d 706, 711 12 (Minn. 2007) (alterations in original). The Complaint does not allege that Defendants acted with reckless disregard of the truth.

Lorenz also claims that her title was slandered by the assignments of the mortgage. Compl. ¶ 14. It is not entirely clear how this fits into Lorenz's slander of title theory. It appears Lorenz is challenging the legality of the August 12, 2010 assignment between Structure Asset Mortgage Investments II Trust 2006 AR1 to BNYM. Numerous courts, however, have concluded that a borrower, such as Lorenz, lacks standing to challenge the assignment of their mortgage. See e.g., Kaylor v. Bank of Am., N.A., No. 12-1586, 2012 WL 6217443, at *5 (D. Minn. Dec. 13, 2012) (noting that homeowner lacks standing to challenge the mortgage assignment); Gerlich v. Countrywide Home Loans, Inc., No. 10-4520, 2011 WL 3920235, at *3 (D. Minn. Sept. 7, 2011) (same). Accordingly, Lorenz's slander of title claim is dismissed.

**D. Declaratory Judgment**

Lorenz's final claim is for declaratory judgment. Specifically, Lorenz argues that she is entitled to a declaratory judgment that Covenant 23 was violated and that she is the sole title holder to the real property at issue. Declaratory judgment is only proper when there is an independent theory upon which to base the requested relief. When a plaintiff's substantive claims are dismissed, the claim for declaratory judgment must also be dismissed. Wolff v. Bank of New York Mellon, 997 F. Supp. 2d 964, 979 (D. Minn. 2014).

**E. Request for Additional Discovery**

In opposing BNYM's Motion for Summary Judgment, Lorenz argues that she should be given additional time to take depositions of the key witnesses in this dispute. Federal Rule of

Civil Procedure 56(d) provides that when a party opposing summary judgment shows by affidavit or declaration that it cannot present facts essential to justify opposition, a court may defer ruling on the motion to allow additional fact finding to occur. Fed. R. Civ. P. 56(d); Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997).

In making her request, Lorenz did not file an affidavit or declaration detailing what facts she believes discovery would uncover that support her legal claims. Even if this procedural defect is overlooked, Lorenz generally states that discovery from key witnesses is needed to resolve genuine issues of material fact. Even when given every possible inference, this is insufficient to postpone judgment. The basis of Lorenz's claims stem from purported violations of Covenant 23. Additional discovery is not needed to further investigate the validity of these claims.

### IV. CONCLUSION

The Complaint does not meet Rule 12's plausibility requirement and must be dismissed. As discussed with her at the hearing, the Court recognizes that this result will be very disappointing for Lorenz, who has spent considerable time, money, and energy pursuing legal claims against the financial institutions involved in the mortgage on her property in Forest Lake. The legal claims asserted here, however, are legally deficient and do not entitle Lorenz to continued ownership of the Forest Lake, Minnesota property.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Teresa Lorenz's Motion for a Temporary Restraining Order [Docket No. 30], Motion for Temporary Restraining Order [Docket No. 40], and Amended Emergency Motion for

Temporary Restraining Order and Application for Temporary Injunction [Docket No. 51] are **DENIED.**

2. Defendant The Bank of New York Mellon's Motion for Summary Judgment [Docket No. 65] is **GRANTED**.

3. Defendant EMC Mortgage Corporation's Motion to Dismiss [Docket No. 72] is **GRANTED.**

LET JUDGMENT BE ENTERED ACCORDINGLY.

BY THE COURT:


　s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 22, 2016