**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Teresa Lorenz,

       Plaintiff,

      v.
                           **ORDER**
                           Civil No. 15-3042 ADM/TNL

The Bank of New York Mellon, Southstar
Funding LLC, and EMC Mortgage
Corporation,

       Defendants.

_____

Teresa Lorenz, pro se.

_____

      This matter is before the undersigned United States District Court Judge for a ruling on

Plaintiff Teresa Lorenz's ("Lorenz") Motion for Relief From Judgment Pursuant to FRCP 60(b)

[Docket No. 109]. Lorenz appears to be seeking an order vacating the August 22, 2016

Judgment [Docket No. 99] entered after Defendants Bank of New York Mellon ("BNYM") and

EMC Mortgage Corporation's ("EMC") dispositive motions were granted. See Mem. Op. Order

[Docket No. 98].

      This mortgage foreclosure case concerns Lorenz's mortgage from Defendant Southstar

Funding LLC ("Southstar") for the purchase of real property located in Forest Lake, Minnesota.

Compl. [Docket No. 1-1] ¶¶ 7, 8, Ex. C. After Lorenz's claims were dismissed pursuant to Rules

12 and 56 of the Federal Rules of Civil Procedure, Lorenz filed an appeal to the Eighth Circuit.

See Notice Appeal [Docket No. 100]. On July 28, 2017, the Eighth Circuit affirmed dismissal of

her claims. See Op. USCA [Docket No. 107]; Lorenz v. Bank of New York Mellon, No. 16-

3716, 2017 WL 3207147, at *1 (8th Cir. July 28, 2017). The Eighth Circuit denied Lorenz's

petitions for rehearing en banc and rehearing by the panel, and the mandate was issued on

October 4, 2017.  See Order USCA [Docket No. 112]; Mandate [Docket No. 113].

Lorenz now seeks relief from judgment under Federal Rule of Civil Procedure 60(b).
"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate
showing of exceptional circumstances."  Atkinson v. Prudential Prop. Co., 43 F.3d 367, 371 (8th
Cir. 1994) (citation and internal quotation marks omitted).  A motion made pursuant to Rule
60(b) is "not intended to routinely give litigants a second bite at the apple, but to afford an
opportunity for relief in extraordinary circumstances."  Dale & Selby Superette & Deli v. U.S.
Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993).  No such circumstances are present
here.

Lorenz's Motion and supporting Declaration [Docket No. 110] do not articulate any basis
for vacating the August 22, 2016 Judgment.  Lorenz appears to contend that the Judgment should
be vacated due to fraud or misconduct by an opposing party, but she does not support her
contention.  Rather, Lorenz's Motion invokes the same claims of fraud and misrepresentation
that she alleged in her original complaint, and supplies nearly the same documents to support her
claims.  The only exceptions are transcripts of phone calls between Lorenz and customer service
agents of JP Morgan Chase and Specialized Loan Servicing, and a September 20, 2016 affidavit
from William J. Paatalo, a private investigator specializing in investigating claims of foreclosure
fraud.  All of the other documents Lorenz has submitted here are either already in the record or
were available to Lorenz prior to the August 22, 2016 Judgment.

Lorenz's Motion constitutes an impermissible attempt to relitigate claims that have been
fully considered and rejected by both this Court and the Eighth Circuit.  Accordingly, Lorenz's
Motion falls well-short of the "exceptional circumstances" Rule 60(b) demands.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Teresa Lorenz's Motion for Relief From Judgment Pursuant to FRCP 60(b) [Docket No. 109] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 20, 2017.